CLARK, Senior Circuit Judge,
Concurring Dubitante:
While I disagree with the holding of the majority, I nevertheless join for reasons which I shall explain. In a nutshell, it would be a disservice in 1996 to reverse a financial arrangement between the parties that has existed since 1993 and the parties have acted thereon. No one gets hurt in the short run if the Combined Fund for which the plaintiffs are partially responsible becomes overpaid.
The majority is correct in adopting from Webster the definition of “reimbursement” to mean “pay back” or “repay,” but in my view the opinion tends to err in saying: “The ordinary meaning of the term “reimbursement” is not restricted by any requirement that such payments be dollar-for-dollar what the reimbursed party paid out.” While I would agree such would be the case if the excess reimbursement were 'penny ante, here we are talking about a reimbursement that exceeds twenty-five million dollars.
A report prepared by the majority staff of the House Committee on Ways and Means during the 1994 Term of Congress[1] convinces me that it would be an injustice to go back and try to recalculate the payments from 1993 to present. Although the report shows during the first six months of fiscal year 1995 the Combined Fund operated with a deficit of ten million dollars, the Fund had a surplus of ninety-six million dollars at the end of fiscal year 1994. Further, the report has this statement: “The existence of a surplus in the Combined Benefit Fund of over $100 million has generated considerable interest among the parties responsible for financing the retired miners’ health benefits.”[2]
From my view, this is a legislative problem, not a judicial one. I have confidence, pursuant to the legislation on the books, that the health benefits of the coal miners are protected. I have just as much confidence that the plaintiff coal mine operators will continue to be treated justly. I hope the taxpayers are equally protected.
This is a case in which to let sleeping dogs he, and therefore I concur.

. Staff of House Comm, on Ways and Means, 104th Cong.Sess., Development and Implementation of the Coal Industry Retiree Health Benefit Act of 1992. (Comm. Print 1992).

. Id. at 21-22.